# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 24, 2007

Charles R. Fulbruge III
Clerk

No. 06-10597
Conference Calendar

KEITH CAMPBELL

Plaintiff-Appellant

v.

SOCIAL SECURITY ADMINISTRATION; WILLIAM A HALTER, ACTING COMMISSIONER OF SOCIAL SECURITY; MICHAEL J ASTRUE, COMMISSIONER OF SOCIAL SECURITY; SECRETARY HEALTH AND HUMAN SERVICES

Defendants-Appellees

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 3:05-CV-2434

Before JOLLY, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Keith Campbell, Texas prisoner # 1219880, has filed a motion for leave to proceed in forma pauperis (IFP) on appeal. The district court denied Campbell's IFP motion and certified that the appeal was not taken in good faith. By moving

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

for IFP status, Campbell is challenging the district court's certification. See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997).

Aside from conclusional allegations, Campbell does not challenge the district court's analysis or its determination that he failed to present an arguable or non-frivolous issue for appeal. Therefore, these issues are deemed abandoned. See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

Campbell has not shown that the district court's certification was incorrect. The instant appeal is without arguable merit and is thus frivolous. Accordingly, Campbell's request for IFP status is denied, and his appeal is dismissed as frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2. Campbell's motion for the appointment of counsel on appeal is also denied.

On May 21, 2007, this court barred Campbell, pursuant to 28 U.S.C. § 1915(g), from proceeding IFP in any civil action or appeal brought while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. Campbell v. Bear, No. 06-10196 (5th Cir. May 21, 2007) (unpublished); Campbell v. Pace Setter Personnel, No. 06-10478 (5th Cir. May 21, 2007) (unpublished). This court also warned Campbell that any future frivolous or repetitive filings in this court or any court subject to this court's jurisdiction would subject him to additional sanctions as would the failure to withdraw any pending matters that are frivolous. Id. Despite this court's warning, Campbell persists in the prosecution of the instant frivolous appeal. Therefore, Campbell is ordered to pay sanctions in the amount of $100, payable to the clerk of this court. The clerk of this court and the clerks of all federal district courts within this circuit are directed to refuse to file any civil complaint or appeal by Campbell unless Campbell submits proof of satisfaction of this sanction. If Campbell attempts to file any further notices of appeal or original proceedings in this court without such proof the clerk will docket them for administrative

purposes only.  Any other submissions which do not show proof that the sanction has been paid will be neither addressed nor acknowledged.

MOTIONS DENIED; APPEAL DISMISSED; SANCTION IMPOSED.